***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Phillips, and the briefs and oral arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission hereby reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award. *Page 2 
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties have discovered that State Compensation Insurance Fund may provide workers' compensation insurance coverage for this claim and was added as a necessary party on February 27, 2008.
2. It is stipulated that the appointment of any party who appears in a representative capacity is valid and that no additional proof of appointment or capacity shall be required.
3. In addition to other stipulations contained herein, the parties stipulate and agree with respect to the following undisputed facts;
 a. Plaintiff's compensation rate is $532.80 per week subject to verification by Form 22.
 b. A Form 33 Request that claim be assigned for hearing was filed by Plaintiff on March 7, 2007.
 c. A Form 33R Response to Request that claim be assigned for hearing was filed by Defendant, Robert's Protection and Investigations, on June 9, 2007.
 d. A Form 33R Response to Request that claim be assigned for hearing was filed by Defendant, State Compensation Insurance Fund, on October 9, 2009.
 e. Mediation was held on September 9, 2009. Defendant, Robert's Protection and Investigations, paid the mediation fee in the amount of $740.00 1/3 of which they would be entitled to a credit from any funds awarded by the Commission.
 *********** *Page 3 
The following documentary evidence was received by the Deputy Commissioner as:
 EXHIBITS
1. Stipulated Exhibit 1-Medical Records
2. Stipulated Exhibit 2-Industrial Commission Forms
3. Defendant's Ex. #1-Payroll information for Robert's Protection Investigations
4. Defendant's Ex. #2-Medical Notes from Greenway Healthcare
5. Defendant's Ex. #3-Workers' Comp Policy
6. Defendant's Ex. #4-Supplemental Application Form
7. Depositions: David M. Seales, MD, Cormac O'Donovan, MD and Diane Alexander
 ***********
Based upon all the competent evidence of record, and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, Plaintiff was 64 years old and a farm laborer. Plaintiff began working for Defendant-Employer, Roberts Protection and Investigations, during the 1990's as an independent contractor to help remodel a house on a 65-acre farm which Lee Roberts, proprietor of Roberts Protection and Investigations, owned in Bessemer City, North Carolina.
2. Mr. and Mrs. Roberts were the owners of Roberts Protection and Investigations, an investigation firm with its principal place of business in California. Plaintiff was hired by Mr. and Mrs. Roberts in North Carolina. Plaintiff's primary place of employment was at Verlee Farms in North Carolina. *Page 4 
3. Mr. Roberts testified at the hearing before the Deputy Commissioner that in 1997, Plaintiff was placed on the payroll of Roberts Protection and Investigations and became a full-time Farm Manager for the farm. Plaintiff testified that he worked for Defendant-Employer, Roberts Protection and Investigations, on the farm for approximately 15 years.
4. On October 18, 2005, Plaintiff was operating a tractor, when he backed into a tree. A tree branch hit him on the left side of his forehead. Plaintiff has alleged ongoing disability, which is the subject of this claim.
5. The Full Commission finds, based upon the evidence of record, that Defendant-Employer did not regularly employ more than 10 non-seasonal farm laborers at the time of Plaintiff's accident. Thus, Defendant-Employer did not possess workers' compensation insurance at the time of the accident.
6. The Full Commission finds that, because Defendant-Employer did not regularly employ more than 10 non-seasonal farm laborers, Defendant-Employer is not subject to the provisions of the Workers' Compensation Act. Accordingly, the Full Commission finds that the Industrial Commission does not have jurisdiction over the present claim.
7. The Full Commission, in its discretion, finds that Defendants did not unreasonably defend this claim and did not engage in stubborn, unfounded litigiousness. Thus, the Full Commission denies Plaintiff's request for attorney's fees.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following: *Page 5 
 CONCLUSIONS OF LAW
1. On the date of the incident, Plaintiff was employed as a farm laborer by Defendant-Employer, who did not regularly employ more than 10 non-seasonal farm laborers. Accordingly, Defendant-Employer is not subject to the provisions of the Workers' Compensation Act, and the Industrial Commission does not have jurisdiction over the present claim. N.C. Gen. Stat. § 97-13(b).
2. The Full Commission, in its discretion, finds that Defendants did not unreasonably defend this claim and did not engage in stubborn, unfounded litigiousness. Thus, the Full Commission denies Plaintiff's request for attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 AWARD
1. The Industrial Commission is without jurisdiction in this matter and, thus, Plaintiff's claim under the law must be, and is hereby, denied.
2. Each side shall pay its own costs.
This ___ day of December 2010.
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ STACI T. MEYER COMMISSIONER